833 F.2d 310
 RICO Bus.Disp.Guide 6787
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank L. SCHWARTZ, Barbara Schwartz, Frank L. Schwartz, DDS,
Ltd., Plaintiffs- Appellants,
v.
Norman K. COLEMAN, Norman K. Coleman, DDS, PC, Norman K.
Coleman, Trustee of Norman K. Coleman, DDS, PC, Employees
Pension Trust, Norman K. Coleman, DDS, PC, Employees Pension
Trust, Norman K. Coleman, DDS, PC, Trustee of Norman K.
Coleman, DDS, PC, Money Purchase Plan, Norman K. Coleman,
DDS, PC, Money Purchase Plan, Barbara W. Coleman, Barbara W.
Coleman, Trustee of Norman K. Coleman, DDS, PC, Employees
Pension Trust, Barbara W. Coleman, Trustee of Norman K.
Coleman, DDS, PC, Money Purchase Plan, Defendants-Appellees.
 No. 87-2524.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1987.
Decided Nov. 3, 1987.
 
 Grant Paul Jones (Joel W. Collins, Jr., Mark S. Barrow, Collins & Lacy on brief) for appellant.
 John Thomas Burch, Jr., William T. Bennett, Barnett & Alagia on brief, for appellees.
 Before JAMES DICKSON PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank and Barbara Schwartz appeal the district court's dismissal of their action alleging ERISA, RICO and pendent state claims on the stated grounds of lack of subject matter jurisdiction due to ongoing arbitral proceedings between Frank Schwartz and Defendant Norman Coleman. Because the submission of the claims to arbitration did not deprive the district court of subject matter jurisdiction, we vacate and remand for such further proceedings as may be appropriate.
 
 
 2
 * Plaintiff Frank Schwartz is an oral surgeon who was at one time employed by Defendant Norman Coleman. In December 1983, Schwartz and Coleman signed an agreement that terminated Schwartz's employment and partially terminated Schwartz's participation in the Norman Coleman, D.D.S., P.C. employee benefit plans. The agreement also provided for Schwartz's purchase of his dental practice from Coleman. Finally, the agreement contained an arbitration clause that provided for mandatory arbitration of all disputes "arising under" the agreement.
 
 
 3
 Problems relating to implementation of the agreement and to vesting of Schwartz's employee benefits shortly arose and in November 1984 Schwartz sought arbitration under the agreement. The central claims on which arbitration was sought were that Coleman had breached contractual obligations under the 1983 agreement and the employee benefit plan by improperly withholding benefits owed Schwartz and had breached his statutory fiduciary duties to Schwartz under ERISA. Additionally, arbitration was sought on a number of state tort and contract claims generally related to the central 1983 agreement and ERISA claims.
 
 
 4
 The preliminary arbitration process proceeded slowly and the statute of limitations threatened to run on several of Schwartz's putative legal claims paralleling those submitted for arbitration. The day before arbitration hearings were scheduled to commence, Schwartz filed a motion in the United States District Court for the Eastern District of Virginia seeking an injunction of the arbitration on the alleged grounds that Coleman's evasion of discovery requests over the preceding months had left Schwartz unprepared to proceed. The application was dismissed for failure to first file a complaint. A complaint and renewed application for injunction were then filed. The arbitration hearings having by then begun, the district court declined to enjoin those proceedings.
 
 
 5
 At some point in the proceedings before him the arbitrator had determined that of the claims submitted for arbitration, only those alleging breach of contractual obligations under the pension plan and the 1983 agreement were arbitrable under the agreement. He therefore had declined to arbitrate the ERISA statutory claims and the various interrelated state tort and contract claims.
 
 
 6
 Shortly after denial of his motion to enjoin the arbitration, Schwartz was permitted to file an amended complaint that included all of the pension benefit contract claims then currently before the arbitrator as well as the claims that the arbitrator had refused to entertain. In the amended complaint, Schwartz included all or the bulk of the claims on which he had sought arbitration plus a new, related civil RICO claim. He alleged jurisdiction over the ERISA claims under ERISA, 29 U.S.C. Sec. 1132, and over the RICO claim under RICO 18 U.S.C. Sec. 1964. Pendent jurisdiction was alleged for all of the other claims. Defendant Coleman moved to dismiss Schwartz's complaint for lack of subject matter jurisdiction. Coleman argued that since diversity jurisdiction did not exist and since "virtually identical" claims were being arbitrated the district court lacked subject matter jurisdiction.
 
 
 7
 In response to Coleman's motion to dismiss, Schwartz moved for a stay of proceedings on his action in the district court pending the resolution of the issues before the arbitrator. In the motion, Schwartz noted that his purpose in filing the complaint was to prevent the statute of limitations from barring his claims.
 
 
 8
 After a hearing on both motions, the district court dismissed Schwartz's complaint for lack of subject matter jurisdiction in stated accordance with Fed.R.Civ.P. 12(b)(1). The district court noted in its dismissal order that because all the claims included in the amended complaint were arbitrable and because all but the RICO claims had been submitted to arbitration as provided in the parties' agreement, the court did not have subject matter jurisdiction.
 
 This appeal followed.[1]
 II
 
 9
 Contrary to the district court's conclusion, it did not lack subject matter jurisdiction of the various claims in Schwartz's amended complaint simply because some of the claims were in mandatory arbitration under a party agreement.
 
 
 10
 Both the ERISA and RICO claims alleged in the complaint obviously fall within the federal question jurisdiction of the district court, see ERISA, 29 U.S.C. Sec. 1132; RICO, 18 U.S.C. Sec. 1964, and any sufficiently related state claims, within its pendent jurisdiction. Despite the strong federal policy favoring arbitration, the Federal Arbitration Act, 9 U.S.C. Secs. 1-13, does not deprive federal courts of otherwise possessed subject matter jurisdiction over disputes that are subject to binding agreements to arbitrate, and that may indeed be in arbitration. See The Anaconda v. American Sugar Refining Co., 322 U.S. 42, 44 (1944); Leesona Corp. v. Cotwool Manufacturing Corp., 315 F.2d 538, 542 (4th Cir.1963); United Electrical Radio & Machine Workers v. Oliver Corp., 205 F.2d 376, 385 (8th Cir.1953); Legg, Mason & Co. v. Mackall & Coe, Inc., 351 F.Supp. 1367, 1372 (D.D.C.1972). "The [presence of an] arbitration agreement [merely] limits the scope of the court's review, not its subject matter jurisdiction." John Ashe Associates, Inc. v. Envirogenics Co., 425 F.Supp. 238, 241 n. 3 (E.D.Pa.1977). Where, as here, arbitral proceedings on related contract claims threaten to continue beyond the limitations period applicable to a party's federal claims it is procedurally acceptable for the party to commence an action in the district court and a corresponding motion to stay proceedings in that action "in order to preserve [his] right to judicial relief at a later date." Lindahl v. American Telephone & Telegraph Co., 609 F.Supp. 267, 271 (N.D.Ill.1985).
 
 
 11
 Because the district court has subject matter jurisdiction over at least some of the claims alleged in this action, we vacate the order of dismissal and remand for such further proceedings as may be appropriate.[2]
 
 
 12
 VACATED AND REMANDED.
 
 
 
 [1]
 We are now advised that following the noting of this appeal, the arbitrator has rendered a decision respecting those claims considered by him to be arbitrable
 
 
 [2]
 In view of the narrow jurisdictional basis of the district court's dismissal and of our disposition, we express no opinion on what those further proceedings might include. On this appeal, the parties have sought--in notably imprecise ways--to suggest a number of issues that may arise. None is sufficiently briefed to allow confident disposition, even were we disposed to anticipate their certain raising on remand. Among these potential issues is that of Barbara Schwartz's "standing"; and that of the arbitrability of statutory as opposed to merely "contract" ERISA claims. The latter issue might conceivably arise on remand if an order compelling arbitration of statutory claims were now sought by either party. We observe only that if the issue is raised it is a difficult one, compare Mason v. Continental Group, Inc., 763 F.2d 1219, 1225-27 (11th Cir.1985) (ERISA statutory claims arbitrable) with Barrowclough v. Kidder, Peabody & Co., 752 F.2d 923, 939-41 (3d Cir.1985) (contra: not arbitrable despite agreement), which has not been decided in this circuit
 We also note that we do not rule out the possibility that the district court may lack subject matter jurisdiction of some of the claims for other reasons, not sufficiently evident on the present record, than their arbitrability. In particular we do not decide whether any of the state claims are sufficiently related to support pendent jurisdiction. Nor, of course, do we express any opinion as to the merits of any of the claims as pleaded.